LILBURN H. McLAUGHLIN, Respondent, *vs.* FIRST NATIONAL BANK OF KANSAS CITY, MISSOURI, Appellant.

1. *Injunction—Decree against one not party—Garnishment.*—In a suit for injunction a decree against one not made a party, is unauthorized. Nor will such a suit without issue of execution or statutory process for attachment, warrant the summoning of garnishees.

*Appeal from Ray Common Pleas.*

*John K. Cravens*, for Appellant.

*Esteb & Shotwell*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

It is unnecessary to do much more than make a statement of this case.

The plaintiff brought his action against one Brown, to dissolve a co-partnership, then existing between them under the name of Brown & McLaughlin, and to settle the partnership accounts, etc. Pending this litigation in the Common Pleas Court, the plaintiff applied in vacation to the judge of that court by petition entitled as of the cause then pending, and referring thereto, praying, for certain grounds therein set forth, that Brown be enjoined and restrained "from drawing any money or deposit by him made in the name of J. G. Brown, or Brown & McLaughlin, with or in any bank, or other persons, and also enjoining and restraining any bank, or the officers thereof, or other persons, from paying any money or deposit to said Jno. G. Brown, and especially the First National Bank of Kansas City, Missouri, until the final termination of said cause, etc." Without any notice to the First National Bank, and without its being made a party to the proceeding, an injunction, as prayed, was granted, directed to Jno. G. Brown alone, enjoining him from removing any deposit or money made by him in his individual or in the firm name, belonging to said firm, and also "enjoining and restraining any bank or the officers thereof, or other persons, from paying any of said money or deposits to said Jno. G. Brown; and especially the First National Bank of Kansas

City," etc., etc. It was also ordered that a copy of the restraining order be served on the present defendant, which was done accordingly, in February, 1872.

In June, 1873, another copy of the restraining order accompanied by a summons, but without any petition, was issued from the court. The summons was directed to the sheriff of Jackson county, commanding him to "summon the First National Bank of Kansas City, Missouri, to be and appear, etc., to answer the petition of Lilburn H. McLaughlin for injunction heretofore served on you, in the case of said McLaughlin vs. Jno. G. Brown, et al.; and to show to the court the amount of money or property belonging to the said John G. Brown, heretofore restrained, in your possession," etc., etc. These papers were duly served.

At the next term the plaintiff filed certain interrogatories, such as are usually propounded to garnishees. These interrogatories were entitled Lilburn H. McLaughlin vs. The First National Bank of Kansas City, and this is the first paper in the record thus entitled. The Bank answered under oath, showing the possession of a certain sum of money deposited by Brown, and this was undenied until the next term, when it was denied by a plea entitled "Lilburn H. McLaughlin vs. Jno. G. Brown, and The First National Bank of Kansas City, Mo., as garnishee on injunction of said Jno. G. Brown." There being no further appearance on the part of the Bank, a trial was had on the answer to the interrogatories and the plea thereto, and a judgment rendered for a sum far in excess of that admitted to be due.

This judgment was rendered in a cause entitled "Lilburn H. McLaughlin vs. The First National Bank of Kansas City, Mo., by injunction." Upon what ground this judgment is rendered, the record does not declare; nor is it material to know. It is sufficient to say that the above recited proceedings are wholly unauthorized by law, and that the court never acquired any jurisdiction to render any judgment whatever against the defendant.

The judgment is reversed; the other judges concur.